## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

RONALD S. RILEY           :
                              :
             Plaintiff,        :   C.A. No.
                              :
v.                          :
                              :
THE DELAWARE RIVER AND    :
BAY AUTHORITY              :
                              :
            Defendant,     :

## COMPLAINT

1.     Plaintiff Ronald S. Riley is a United States citizen, a resident individual residing at 504 East Avenue, New Castle, DE 19702, and an employee of The Delaware River and Bay Authority.

2.     The Delaware River and Bay Authority is a bi-state agency of the State of Delaware and New Jersey.

### JURISDICTION

3.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourteenth Amendment to the United States Constitution.  The cause of action arises under 42 U.S.C. § 1983, 42 U.S.C. §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 U.S.C. §2005(e), et seq.  The state law causes of action arise under the common law of the State of Delaware.  This Court has jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367 which provides for supplemental jurisdiction.  The claims arise in this judicial district.

4.     At all relevant times herein, Plaintiff Ronald S. Riley has been employed

by the Defendant, The Delaware River and Bay Authority (hereinafter "DRBA") as an operations clerk.

5.      At all relevant times herein, Plaintiff Ronald S. Riley (hereinafter "Riley" or "plaintiff Riley") was employed by the Airport Safety Department as an Airports Operations Clerk with a paygrade of "P".  At all relevant times herein plaintiff Riley's job performance has exceeded all requirements and/or expectations of the job performance.

6.      As an Operations Clerk, plaintiff Riley was requested to perform a variety of administrative duties including, but not limited to, answering phones, managing identification badge systems, providing clerical support for the airport operations staff, and to be the direct contact for all outside agencies with the airport.

7.      Although plaintiff Riley has been given the job title of an operations clerk with a paygrade of "P", plaintiff Riley functions at a much higher responsibility level.  Despite the fact that the plaintiff Riley performs responsibilities above and beyond that of an operations clerk, the Defendant has failed to provide him with equal paygrade for the work that he performed to date.  In addition, the Defendant has failed to promote plaintiff Riley for promotions despite the fact that he performs work and his job duties are in excess of that as defined by an operations clerk.

8.      The Plaintiff attempted to file an internal complaint within DRBA with agents, servants and employees of DRBA to address the fact that his compensation was not adequate for his job responsibilities.  Despite the fact that plaintiff Riley filed an internal complaint, no action has been taken by DRBA to address the issues regarding his inadequate compensation for his job responsibilities.

9.      Plaintiff filed a complaint (hereinafter "initial complaint") in this Court based upon

2

Defendant's discriminatory actions and conduct of the Plaintiff.  See <u>Ronald Riley v. DRBA</u>, C.A. No. 05-746-KAJ.

10.    The Plaintiff alleges that Defendant DRBA, has failed to provide the Plaintiff with adequate compensation in his prior complaint to compensate him for the work responsibilities he performs and/or failed to promote him despite the fact that he has applied promotions due to the fact that he is an African American male and that the Plaintiff has been subject to the discrimination by the Defendant DRBA and created a hostile work environment on the basis of his race in violation of 42 <u>U.S.C.</u> §1981 Title 7 and Title 7 of the Civil Rights of 1964, 42 <u>U.S.C.</u> §2005(e), <u>et seq.</u>

11.    Plaintiff filed a complaint with the EEOC for retaliation and hostile work environment against DRBA after filing his initial complaint in this Court.

12.    The EEOC issued a right to sue letter dated February 22, 2007 and received on February 26, 2007 by the Plaintiff.  (A copy of the right to sue letter is attached hereto as Exhibit "A").

13.    As a direct proximate and legal result of the discrimination by DRBA, the filing of the complaint with the EEOC and the filing of the complaint in U.S. District Court, DRBA has created a hostile work environment and/or retaliated against Mr. Riley for which he is entitled to to compensatory damages, punitive damages, attorneys' fees, and other relief that this Court deems appropriate.  The Defendant has engaged in a hostile work environment in retaliation to Mr. Riley after filing the initial complaint in the U.S. District Court as follows:

(A)    In June of 2006 the plaintiff wore dress shoes to work.  Mr. Riley was informed by the airport manager for New Castle Operations Department, Alex Coles, that Mr. Riley could not wear those shoes to work anymore.  Plaintiff contacted Andrew

Ritchie, the DRBA Human Resources Manager and Mr. Ritchie indicated that Plaintiff's shoes were appropriate for work;

(B)    In August of 2006 Mr. Riley returned to work after straining his foot at work and he wore sneakers pursuant to doctor's order.  Mr. Riley was advised that he would be sent home without pay because he did not have the appropriate footwear on despite the fact that he had a doctor's note to wear his sneakers;

(C)    On October 11, 2006, Alex Coles sent the plaintiff to an empty room without any cause or justification and told him to stay in the room away from his regular work location;

(D)    On October 31, 2006, the Plaintiff spoke to Mr. Andrew Ritchie, an employee of DRBA, with regard to three (3) hours missing from his time that he worked.  Mr. Ritchie advised the Plaintiff that Alex Coles went into the computer system and changed Mr. Riley's time removing three (3) hours from his pay.  Mr. Riley alleges that Mr. Coles changed Mr. Riley's time from 0755 hours to 1100 hours despite the fact that the Plaintiff worked those hours;

(E)    On Friday, May 18, 2007 at 8:15 a.m.  The plaintiff received a phone call from Alex Coles who indicated that Mr. Riley was in the cafeteria on this date and time for two (2) to three (3) hours talking to people in the cafeteria rather than performing my job responsibilities.  Plaintiff explained to Mr. Coles that he was not in the cafeteria for this length of time.  Mr. Coles made this call while he was on vacation in California and had no personal knowledge of the events on May 18, 2007;

(F)    On May 18, 2007 after Mr. Riley completed work and he went to see a fellow co-worker, Mr. Riley received a call on his personal cell phone from Alex Coles who

4

requested to know why Mr. Riley was in the complex at that time.  Mr. Riley explained that it was after his work day ended work at 1400 hours that he was speaking to fellow co-workers on his own time.

14.    The Defendant's actions clearly violated established federal constitutional rights of which any reasonable official would have known.

15.    At all times material herein the individual Defendant participated in, authorized and sanctioned constitutional and state law deprivations and illegally discriminated against plaintiff Riley due to his race.

16.    The actions of the Defendant its agents or employees were deliberate, intentional, willful, purposeful and knowing violations of federal and state law.

17.    Defendant either knew or showed a negligent or reckless disregard for the matters and whether their conduct violated federal, constitutional and state law rights.

18.    Defendant's actions were wanton, malicious or taken with reckless indifference to the federal, constitutional and state law rights.

19.    The exercise of rights under the U.S. Constitution made a difference in all actions adverse to plaintiff Riley.

20.    The exercise of these rights was a motivating substantial and determinative factor in all actions adverse to plaintiff Riley.

21.    Defendant intentionally inflicted severe emotion distress upon plaintiff Riley when, it, willfully and wantonly discriminated upon plaintiff Riley due to the fact that he is an African American male whereby intentionally and callously inflicting severe emotional distress upon plaintiff Riley.

WHEREFORE, Plaintiff requests this Court enter an order as follows:

(1)    enter judgment against the Defendant;

(2)    enter judgment declaring the acts of the Defendants to be in violation of plaintiff's constitutional, statutory and common law rights;

(3)    enter judgment against the Defendant for compensatory damages, including, but not limited to, lost wages, back pay, benefits, future front pay, loss of earning capacity, past or future pension loss and other retirement benefits, emotional distress, humiliation, embarrassment and injury to reputation, retaliation, and hostile work environment ;

(4)    enter judgment against Defendant for punitive damages;

(5)    award plaintiff costs, pre and post judgment interest, and attorneys' fees for the suit; and,

(6)    require such and further relief as this Court deems just and equitable.

PHILLIPS, GOLDMAN & SPENCE, P.A.


_____

JAMES P. HALL, ESQUIRE (#3293)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiff

DATE:



RILRO-3
FEB 26 2007
C+

**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5053 0082

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

February 22, 2007

Mr. Ronald S. Riley
c/o James P. Hall, Esquire
Law Offices of Phillips, Goldman, et al.
Attorneys at Law
1200 N. Broom St.
Wilmington, DE  19806

Re: EEOC Charge Against Delaware River & Bay Authority
    No. 17C200601425

Dear Mr. Riley:

     Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

     This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,

                         Wan J. Kim
                    Assistant Attorney General
                       Civil Rights Division

          by   *Karen J. Ferguson*

                    Karen L. Ferguson
               Supervisory Civil Rights Analyst
               Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Delaware River & Bay Authority

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ⸱7 – 3 3 6

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

FILED
2007 MAY 25  PM 4: 15
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_5-25-07_
(Date forms issued)

_Donna K Munskowski_
(Signature of Party or their Representative)

_Donna L. Truszkowski_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ronald S. Riley

## DEFENDANTS
The Delaware River and Bay Authority

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 302-655-4200
James P. Hall, Esq. Phillips Goldman & Spence
1200 North Broom Street, Wilmington DE 19806

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 28 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. §1981 Title 7, Title 7 of the Civil Rights Act of 1964 and 42 U.S.C. §2005(e)

Plaintiff has been subject to discrimination and a hostile work environment

## VII. REQUESTED IN
COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE  KAG

DOCKET NUMBER 05-746

DATE
5/25/07

SIGNATURE OF ATTORNEY OF RECORD
J Hall

FOR OFFICE USE ONLY