IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD S. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-336 (***) |
| | ) | |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) | Related Case |
| | ) | C.A. No. 05-746 (***) |
| | ) | |
| Defendant. | ) | |

## ANSWER

1. Admitted.

2. Admitted.

## JURISDICTION

3. This paragraph states a legal conclusion for which no answer is required. To the extent an answer is deemed required, it is denied.

4. Denied as stated. Admitted that as of March 1, 2003, Plaintiff Ronald S. Riley ("Riley") was classified as an Airports Operations Clerk.

5. Denied as stated. Admitted that effective March 1, 2003, Riley was employed by the Airport Safety Department as an Airports Operations Clerk with a pay grade of "P." The remaining allegations are denied.

6. Admitted.

7. Denied.

8. Denied as stated. Admitted that Riley complained to management that his compensation was not adequate. The remainder of the allegations in this paragraph are denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted.

13. Denied.

A) Denied as stated. It is admitted that Riley was informed by Alexander Coles, Airport Operations Manager, ("Coles") that his shoes were inappropriate and that he could not wear them anymore. It is further admitted that Andrew Ritchie, Human Resources Manager, ("Ritchie") indicated generally that loafers were acceptable in the workplace, but agreed upon seeing Mr. Riley's shoes that they were inappropriate.

B) Denied as stated. Admitted that Riley returned to work after straining his foot. It is further admitted that Coles stated that Riley's shoes were inappropriate and sent him home. By way of further answer, Coles did not have complete information, including Riley's doctor's order, at that time. Ritchie called Riley that same day and told Riley to return to work, and Riley received full pay for that day.

C) Denied. By way of further answer, it is admitted that on October 11, 2006, Coles asked Riley to wait in a room until Coles was available to discuss his accommodations before he returned to active duty. By way of further answer, Riley was only in the room for a short

2

period of time before he left and went home. Riley received full pay for October 11, 2006.

D) Denied. On October 31, 2006 Riley was absent the entire day of work for a sick day.

E) Denied as stated. It is admitted that Coles called Riley to question why Riley was in another Delaware River & Bay Authority location, for a significant period of time, while he was on-duty and expected to be at the Airport.

F) Denied as stated. It is admitted that Coles called Riley on the afternoon of May 18, 2007, to confirm Riley's work schedule for that day.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant acted at all times on reasonable grounds and in good faith.

3

### THIRD AFFIRMATIVE DEFENSE

Defendant is immune from Plaintiff's tort claims pursuant to 10 Del. C. Ch. 40 and N.J. STAT. ANN. § 59:1-1 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

Defendant is immune from Plaintiff's tort claims in accordance with the Eleventh Amendment to the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred for failure to exhaust all available statutory, administrative, or contractual remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Some of or all Plaintiff's claims are barred by the applicable federal or state statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred under the workers' compensation exclusivity rule.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the individual defendants under Title VII because individuals are not liable under Title VII.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the individual defendants under § 1983 because the individual defendants are entitled to qualified immunity.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email:  wbowser@ycst.com
         amartinelli@ycst.com
*Attorneys for Defendant*

DATED:    June 19, 2007